UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAJOR ENERGY ELECTRIC SERVICES, LLC, MAJOR ENERGY SERVICES, LLC, RESPOND POWER, LLC, NATIONAL GAS & ELECTRIC, LLC, and SPARK HOLDCO, LLC, <br><br>     Plaintiff, <br><br> v. <br><br> SAUL HOROWITZ, individually and as Sellers' Representative, MARK WIEDERMAN, ASHER FRIED, MICHAEL BAUMAN, and MARK JOSEFOVIC, <br><br>     Defendants. | § § § § § § § § § § § § § § § § § § § § § CASE NO. 1:19-cv-10431-NRB |

**JOINT RULE 26(f) REPORT**

The parties have conferred and submit the following report and proposed case management plan pursuant to Federal Rules of Civil Procedure 26(f) and 16(b).

**I.  DISCOVERY**

  **A.  Initial disclosures**

The parties agree to exchange initial disclosures by December 18, 2020.

  **B.  Timing and Subjects for Discovery**

   1. <u>Discovery Timing</u>

With respect to the timing of discovery, the parties' Proposed Case Management Order is attached hereto for the Court's approval.  The parties agree to meet and confer regarding any logistical issues that arise due to the COVID-19 pandemic and approach the Court about any proposed amendments to the Case Management Order that the parties believe become necessary to accommodate such issues.

2. <u>Plaintiffs' Discovery Subjects</u>

As the Court has already pointed out by conference, and in its opinion denying the bulk of Defendants' motion to dismiss, Dkt. 25, Defendants are liable to Plaintiffs under the Membership Interest Purchase Agreement (the "MIPA"), leaving primarily the question of damages to be resolved through this case.  Plaintiffs anticipate a measured amount of discovery to solidify liability and establish the full scope of damages.  Specifically, Plaintiffs anticipate that discovery will include at least the following: Defendants' knowledge of, documents and communications about, and participation in unlawful marketing practices in Illinois, the related lawsuit filed by the Attorney General of Illinois against Major Energy Electric Services, LLC, Defendants' knowledge of Plaintiffs' demand or indemnity before unilaterally withdrawing escrow funds, and state tax deficiencies that Defendants were involved in with respect to New York and Massachusetts.

Plaintiffs disagree with Defendants' characterizations and position below, including Defendants' efforts to prematurely limit the appropriate scope of discovery in this matter, particularly as to issues not already resolved by the Court and corresponding efforts by Defendants to preclude the discovery of certain relevant information. Given that Plaintiffs do not view the Joint 26(f) Report as the proper vehicle for the Parties to argue their respective legal positions, Plaintiffs will reserve such arguments for a later date and note that the Court's Order denying the vast majority of Defendants' Motion to Dismiss speaks for itself.  Plaintiffs further note that discovery is necessary to investigate factual issues that bear on damages that are not merely issues of contractual interpretation as Defendants suggest below.

Historically, counsel for Plaintiffs and counsel for Defendants have been able to reach reasonable resolutions regarding discovery in other litigation, which Plaintiffs anticipate should be the case here as well, without the need for the Court to unnecessarily limit discovery in the

manner proposed by Defendants.  Given that Plaintiffs are contractually permitted to recover their attorneys' fees incurred in this matter, and such fees may be judged according to their reasonableness, Plaintiffs intend to pursue a reasonable and defensible scope of discovery.

3.  Defendants' Discovery Subjects

Defendants disagree with Plaintiffs' characterization of the discovery items needed to determine the amount of damages and indemnification liability owed by Defendants to Plaintiffs under the MIPA.  Defendants submit that little discovery is needed for the determination of liability and damages.   Indeed, the remaining issues relating to liability and damages primarily concern issues of contract interpretation that the Court can likely resolve as a matter of law.

In its motion to dismiss decision, the Court found that this litigation concerns whether the representations made by the Defendants (*i.e.*, the Sellers) when the MIPA was executed or when the sale of Major Energy closed on April 15, 2016 were true or untrue, and that Defendants' indemnification liability only pertains to losses incurred by Plaintiffs from breaches of representations made by Defendants when the parties executed the MIPA.  *See* Dk. 25 at 2, 5.  In other words, Defendants do not owe indemnification for any representations or alleged misconduct by Major Energy that occurred *post-sale*.  Clearly Defendants did not make any representations when they executed the MIPA concerning the conduct of Major Energy *post-sale*.

In this case, Plaintiffs seek indemnification for the amounts they paid in settlement of the action brought by the Illinois Attorney General (the "Illinois AG Action") on May 30, 2018 (*i.e.*, $2 million), plus the attorneys' fees and expenses allegedly incurred in defense of that lawsuit (*i.e.*, $866,270.20).  The Illinois AG Action alleged claims of wrongdoing by Major Energy for the period of 2012 through the date of filing in 2018.  Plaintiffs also seek indemnification for

certain tax obligations incurred by Major Energy in New York, New Jersey and Massachusetts for periods prior to *and* after its sale.

With respect to the tax indemnification liability, the Court has already resolved that issue and no additional discovery is truly necessary. The Court has ruled that Defendants are only liable for tax liabilities of Major Energy in New York and Massachusetts (not New Jersey) and only for certain limited months *prior to* its sale in April 2016. *See* Dk. 25, at 22-28. In fact, the Court identified the specific months for which Defendants are required to indemnify Plaintiffs for tax liabilities in New York and Massachusetts. To this end, as for New York, the Court identified tax liabilities incurred by MES (one of the Major Energy entities sold to Plaintiffs) for the filing periods that ended on May 31, 2014, August 31, 2014, November 30, 2014, and May 31, 2016.[1] *Id.* at 23. As for Massachusetts, the Court identified tax liabilities incurred by MEES (one of the Major Energy entities sold to Plaintiffs) for the filing periods that ended on July 31, 2014, August 31, 2014, October 31, 2014, November 30, 2014, December 31, 2014, and April 30, 2016. *Id.* at 24.

With respect to the indemnification liability relating to the Illinois AG Action, Defendants do not believe much discovery is necessary. Defendants submit that the main issues pertaining to this liability concern whether Plaintiffs overpaid for such settlement, to what extent Plaintiffs included Defendants in the defense and settlement negotiations, and whether a portion of such settlement pertains to resolution of misconduct that occurred *after* the sale of Major Energy. Indeed, the Complaint in that action alleges misconduct that includes a two year period *after* the sale. Additionally, the amount of Defendants liability will depend on the application of the Losses Threshold provision in the MIPA (*i.e.*, Section 9.4(a)), which provides that Defendants shall not

---

[1] Defendants note that May 31, 2016 is after the sale of Major Energy and will therefore seek at summary judgment or earlier to have this filing period excluded from liability.

be liable to indemnify the first $600,000 of claimed losses by Plaintiffs. This issue is largely one of contract interpretation and arguably one that the Court already decided in its motion to dismiss decision. *Id.* at 25-26.

### C. Electronically Stored Information

By January 8, 2021, the parties plan to submit a Proposed Electronically Stored Information Protocol ("ESI Protocol") to the Court pursuant to Local Civil Rule 37.3 and the Court's Individual Rule 2. The ESI Protocol will address discovery of materials stored electronically.

### D. Protective Order and Claims of Privilege

By January 8, 2021, the parties plan to submit a Proposed Protective Order to govern, *inter alia*, claims of privilege and confidentiality and inadvertent production of privileged and confidential material.

### E. Limitations on Discovery

Reserving the right to seek additional discovery for good cause shown, the parties agree to the following limitations:

1. <u>Depositions</u>

The number of fact depositions necessary for each party will be more readily ascertainable after the exchange of initial disclosures, but at this time the parties agree that each side will be limited to a combined total of 35 hours of fact and Rule 30(b)(6) depositions, including third-party depositions, if any. The parties agree to negotiate in good faith regarding any need for additional deposition hours beyond this limit.

If a party has noticed the deposition of a third-party witness, the noticing side will be allowed up to six hours of examination, allowing the other side up to one hour of examination. If both sides notice the same third-party witness for deposition, each side will be allocated 3.5 hours

of examination time for such witness, unless otherwise agreed. Notwithstanding the foregoing, the parties reserve their rights to seek additional time to depose any third-party witness.

2. Requests for Production

The parties agree that each side will serve on each opposing party no more than 20 requests for production of documents, ESI, and/or other things under Fed. R. Civ. P. 34.

3. Interrogatories

The parties agree that each side will serve on each opposing party no more than 15 interrogatories under Fed. R. Civ. P. 33.

4. Requests for Admission

The parties agree that each side will serve on each opposing party no more than 15 requests for admission under Fed. R. Civ. P. 36.

**F.  Discovery Disputes**

Discovery disputes in this case will be presented in accordance with Local Civil Rule 37.2 and this Court's Individual Rule 2.

**G.  Proceeding Before a Magistrate Judge**

One or more of the parties have not consented to proceeding before a magistrate judge.

Dated: December 4, 2020

Respectfully submitted,

 /s/ Troy S. Brown                                        /s/ Israel Dahan
Troy S. Brown                                             Israel Dahan
Morgan, Lewis & Bockius, LLP                              King & Spalding LLP
1701 Market Street                                        1185 Avenue of the Americas
Philadelphia, PA 19103                                    New York, NY 10036
(215) 963-5000                                            Telephone No.: (212) 556-2114
troy.brown@morganlewis.com                                idahan@kslaw.com

Michelle Pector                                           *Counsel for Defendants*
1000 Louisiana St., Suite 4000
Houston, TX 77002
(713) 890-5000
michelle.pector@morganlewis.com

*Counsel for Plaintiffs*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2020, the undersigned caused to be filed the foregoing via the Court's CM/ECF system, which sent notice to all counsel of record in this action.

      */s/ Troy S. Brown*
      *Counsel for Plaintiffs*