**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAJOR ENERGY ELECTRIC SERVICES, LLC, MAJOR ENERGY SERVICES, LLC, RESPOND POWER, LLC, NATIONAL GAS & ELECTRIC, LLC, and SPARK HOLDCO, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SAUL HOROWITZ, individually and as Sellers' Representative, MARK WIEDERMAN, ASHER FRIED, MICHAEL BAUMAN, and MARK JOSEFOVIC,**<br><br>**Defendants.** | **CASE NO. 1:19-cv-10431-NRB** |

**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER**

Plaintiffs Major Energy Electric Services, LLC, Major Energy Services, LLC, Respond Power, LLC, National Gas & Electric, LLC, and Spark Holdco, LLC ("Plaintiffs") and Defendants Saul Horowitz, individually and as Sellers' Representative, Mark Wiederman, Asher Fried, Michael Bauman, and Mark Josefovic ("Defendants") HEREBY STIPULATE AND AGREE, by and through their undersigned counsel, that this Stipulation and Order ("Order") sets forth the agreement between the Parties regarding the confidentiality of certain documents and other information which may be disclosed or otherwise produced through discovery in the above-captioned action (the "Action"), and ask that the Court enter same.

I. **PURPOSE, LIMITATIONS, AND SCOPE**

1.   Pursuant to Federal Rule of Civil Procedure 26(c), the following provisions shall govern the pretrial disclosure and use by the persons subject to this Order—including without limitation the Parties, their representatives, agents, experts and consultants, all third parties

1

providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order—of all documents, electronically stored information, testimony, and other information produced during the course of litigation in the Action, including any appeals, rehearings, remands, trials, reviews, or related mediations or alternative dispute resolution proceedings.

2. Disclosure and discovery activity in this Action are likely to involve production or disclosure of documents and information that reveal certain confidential, trade secret, proprietary, commercially sensitive, and/or non-public information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted.

3. Disclosure and discovery in this Action may also involve documents that are protected, in whole or in part, from disclosure by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or bases for protection.

4. The Parties acknowledge that this Stipulated Confidentiality Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

5. The protections conferred by this Stipulated Confidentiality Order cover Protected Material disclosed or produced in discovery in this Action, as well as: (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by parties or their Counsel that might reveal Protected Material.  The protections conferred by this Stipulated Confidentiality Order do not cover the following information: (a) any information that is in the

public domain at the time of disclosure to a Receiving party or becomes part of the public domain after its disclosure to a Receiving Party not as a result of a violation of this Order; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party or otherwise.

6. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## II. DEFINITIONS

7. The phrase "Challenging Party" shall refer to a Party or Non-Party that challenges the designation of information or items as Protected Material under this Stipulated Confidentiality Order.

8. The phrase "CONFIDENTIAL" shall refer to information or items (regardless of how it is generated, stored or maintained) or items that contain confidential and non-public development, financial, personnel, or commercial information, or non-public personal information, or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or applicable law.

9. The phrase "ATTORNEYS' EYES ONLY – CONFIDENTIAL" shall refer to extremely sensitive "CONFIDENTIAL" Information or Items (regardless of how it is generated, stored or maintained) or tangible things that contain or reflect non-public trade secrets or other current or prospective confidential research, development, commercial, or financial information, or other highly sensitive data, the disclosure of which to another Party or Non-Party could create a competitive risk or a substantial risk of serious harm that could not be avoided by less restrictive means.

10. The term "Counsel" shall refer to Outside Counsel and In-House Counsel (as well

as their support staff).

11. The phrase "Designating Party" shall refer to a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL."

12. The phrase "Discovery Material" shall refer to all documents, materials, items, or information, regardless of the medium or manner in which generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery or otherwise made available to an opposing party, third party, or the Court in this matter.

13. The term "Document" shall be synonymous in meaning and equal in scope to the usage of this term in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the U.S. District Courts for the Southern and Eastern Districts of New York.  The term "Document" shall include Hard-Copy Documents, Electronic Documents, and Electronically stored information as defined herein.

14. The term "Expert" shall refer to a person with specialized knowledge or experience in a matter pertinent to the Action who has been formally retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

15. The phrase "In-House Counsel" shall refer to attorneys and their supporting personnel who are employees of a corporate party to this Action.  In-House Counsel does not include Outside Counsel.

16. The term "Non-Party" shall refer to any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

17. The phrase "Outside Counsel" shall refer to attorneys who are not a Party to this

Action and who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action or are affiliated with a law firm which has appeared on behalf of that Party, and supporting personnel employed by such attorneys or law firm(s), such as attorneys, paralegals, clerks, secretaries, clerical personnel, in-house copying and mail services, and contract or temporary personnel engaged by and working under the supervision of the Outside Counsel.

18. The term "Party" shall refer to any party to this Action, including all of its officers, directors, employees, representatives, agents, and support staff.

19. The phrase "Producing Party" shall refer to a Designating Party or Non-Party that produces Discovery Material in this Action. Any Non-Party that produces Discovery Material in this Action, pursuant to subpoena, Order, or otherwise, shall be deemed a Producing Party for purposes of this Order. If any Party has an interest in maintaining the confidentiality of Discovery Material produced by any Non-Party, the Party may designate such Discovery Material as confidential as if it was a Producing Party pursuant to this Order to the extent that the records, if produced by the Designating Party, could in good faith be designated confidential.

20. The phrase "Professional Vendors" shall refer to persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, but not those persons or entities that provide in-house litigation support services within the Outside Counsel's law firm(s).

21. The phrase "Protected Material" shall refer to any Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL" pursuant to the terms of this Stipulated Confidentiality Order, and also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof to the extent

that such excerpts, summaries or compilations contain or reflect the same, or substantially the same, protected information that was the basis for the designation of the Discovery Material as Protected Material.

22.     The phrase "Receiving Party" shall refer to a Party that receives Discovery Material from a Producing Party.

23.     The phrase "Non-Party Witness" shall refer to any witness who is not a Party, not a current employee of a Party, and not an Expert retained by a Party in this case.

**III.    DESIGNATING PROTECTED MATERIAL**

24.     All Discovery Material shall be used solely for the purposes of prosecuting and/or defending this Action or any appeal arising therefrom.

25.     Except as otherwise provided in this Stipulated Confidentiality Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Stipulated Confidentiality Order shall be clearly so designated before the material is disclosed or produced.

26.     If at any time prior to the trial in this Action, a Producing Party realizes that some portion[s] of Discovery Material that that Producing Party previously produced should be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL," such Producing Party may so designate by so apprising all Parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL" under the terms of this Order.  Upon written correction of a designation, the Receiving Party must assure that the material is treated in accordance with the provisions of this Stipulated Confidentiality Order.

27.     Designation in conformity with this Stipulated Confidentiality Order requires:

    (a)     <u>for information in documentary form</u> (*e.g.*, paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL" to each page that contains Protected Material.

A Party or Non-Party that elects to make original documents or materials available for inspection before production need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for such inspection shall be deemed "ATTORNEYS' EYES ONLY – CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party will determine which documents, or portions thereof, qualify for protection under this Stipulated Confidentiality Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains or constitutes Protected Material.

(b)     <u>for testimony given in deposition</u>, that unless a shortened time period is requested as set forth below, within sixty (60) days of receipt of the final transcript, the witness, his/her Counsel, or any other Party may designate all or portions of the transcript "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL." If only a portion of the transcript will be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL," then the witness, his/her Counsel or any other Party shall list on a separate piece of paper the numbers and lines of the pages of the transcript containing the designated Protected Material and serve the same on Outside Counsel. Pending such designation, the entire transcript, including exhibits, shall be deemed "ATTORNEYS' EYES ONLY – CONFIDENTIAL." If no designation is made within sixty (60) days after receipt of the transcript, the transcript shall be considered not to contain any Protected Material. A Party may reasonably

request a shortening of the time period within which a Protected Material designation for a transcript must be made for the purpose of conducting effective discovery or preparation, and consent to such a request shall not be unreasonably withheld provided the modified timeframe requested is reasonable.  In the event of a dispute as to a request for a shortened time period, the Parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved within five (5) business days, the Party requesting the shortened time period may request appropriate relief from the Court.

Alternatively, the Designating Party may designate testimony or exhibits (or portions thereof) by advising the court reporter and all Parties at the time of the proceeding of the applicable designation.

If any portion of a videotaped proceeding is designated pursuant to this section, the electronic media shall be labeled with the appropriate legend.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix the appropriate designation in a prominent place on the exterior of the container or containers in which the information or item that contains or constitutes Protected Material is stored.

(d) The Parties agree to work together in good faith to protect the confidentiality of materials or information that may be disclosed in pretrial motion practice or hearings, and to seek such relief from the Court as is appropriate and necessary to afford such materials or information the appropriate level of protection.

## IV. CHALLENGING PROTECTED MATERIAL DESIGNATIONS

28. Any Party or Non-Party may challenge a designation as Protected Material at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Nothing in this Stipulated

8

Confidentiality Order shall prevent a Receiving Party from contending that any or all Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL" has been improperly designated at any time.

29. Disputes concerning the designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL" shall be handled as follows:

 a. <u>Meet and Confer</u>.  In the event of a challenge to a designation, Outside Counsel for the Challenging Party shall notify, in writing, Outside Counsel for the Producing Party (or if the Producing Party is a Non-Party, the representative of or counsel for the Producing Party who made the production) of the nature of the challenge.  The Challenging Party and the Producing Party shall meet and confer and make a good faith effort to resolve the dispute.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

 b. <u>Application for Judicial Intervention with Respect to Confidentiality Designations</u>.  In the event that the parties are unable to resolve the dispute within ten (10) days, the Producing Party may apply to the Court for a determination as to whether it appropriately designated the document or tangible thing as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL."  If the Producing Party files such an application with the Court, the document or tangible thing at issue will be treated as designated by the Producing Party until the Court has rendered its determination.

**V. ACCESS TO AND USE OF PROTECTED MATERIAL**

30. <u>Permissible Disclosure of "CONFIDENTIAL" Information or Items</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

may disclose any information or item designated "CONFIDENTIAL" only to:

      a.      the Receiving Party's Counsel in this Action;

      b.      the Parties, including their current employees, provided that disclosure is reasonably necessary for handling any aspect of this litigation;

      c.      officers, directors, employees, In-House Counsel, and clerical and support personnel working with or under the supervision of In-House Counsel of the Receiving Party;

      d.      Experts (as defined in this Stipulated Confidentiality Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      e.      Any witness in the action who has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), provided that (1) the witness is identified or referred to anywhere in the document text or metadata; (2) the witness's name is contained in the document text or metadata; or (3) the witness is a former employee of a party and the document was created during the time period that the witness was employed by the party, and the document contains or references information that reasonably would have been known or available to the witness while he/she was employed by the party;

      f.      the Court and its personnel;

      g.      court reporters and their staff;

      h.      any mediator appointed by the Court or agreed to by the parties to mediate this litigation; and

      i.      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A).

31. <u>Permissible Disclosure of "ATTORNEYS' EYES ONLY – CONFIDENTIAL" Information or Items</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY – CONFIDENTIAL" only to:

    a.    the Receiving Party's Counsel in this Action;

    b.    Experts (as defined in this Stipulated Confidentiality Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    c.    any witness in the action who has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A) or who is otherwise ordered by the Court, provided that (1) the witness is a current employee of a party; (2) the witness is a former employee of a party, and the document was created during the time period that the witness was employed by the party, and the document contains or references information that clearly demonstrates that all or substantially all of the contents of the documents were previously known to the witness while he/she was employed by the party; or (3) the witness's name is referred to or contained in the document text or metadata, but if the witness is not otherwise qualified by the categories (1) and (2) the Receiving Party shall provide the Designating Party with advance notice within three (3) business days prior to any disclosure to the witness and the Designating Party shall notify the Receiving Party of any objection to such disclosure to the witness at least (1) business day prior to the contemplated

disclosure;

    d.    the Court and its personnel;

    e.    court reporters and their staff;

    f.    any mediator appointed by the Court or agreed to by the parties to mediate this litigation;

    g.    the author or recipient of a document containing the information; and

    h.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

32.    <u>Deposition, Hearing, and Trial Testimony</u>: Witnesses may be deposed or examined at a hearing or trial regarding information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL" as detailed above. In the event any "CONFIDENTIAL" information is to be used or discussed in a deposition, hearing, or trial, any Party or the deponent shall have the right to exclude from attendance during such portions of the deposition, hearing or trial in which "CONFIDENTIAL" information is disclosed or revealed, any person other than the deponent/witness, counsel of record for the Parties, the court reporter, the videographer, and the persons defined in Paragraph 30. In the event "ATTORNEYS' EYES ONLY – CONFIDENTIAL" is disclosed, revealed, or discussed in a deposition, hearing, or trial, any Party or the deponent/witness shall have the right to exclude from attendance during such portions of the deposition, hearing, or trial in which "ATTORNEYS' EYES ONLY – CONFIDENTIAL" information is disclosed or revealed, any person other than the deponent/witness, counsel of record for the Parties, the court reporter, the videographer, and the persons defined in Paragraph 31.

33.    <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>: If a Party

is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL" that Party must:

    a.    within seven (7) days notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Confidentiality Order. Such notification shall include a copy of this Stipulated Confidentiality Order; and

    c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## VI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

34.    All persons who have access to Discovery Material that has been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY – CONFIDENTIAL" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

35.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated

Confidentiality Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Confidentiality Order; (d) request such persons to destroy all copies of the Protected Material; and (e) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## VII.   INADVERTENT DISCLOSURE OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

36. The inadvertent or unintentional disclosure by the Producing Party of information subject to any claim of privilege or other protection, including, but not limited to, the attorney-client privilege or work-product doctrine, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the claim of privilege or other protection. The inadvertent disclosure of any information subject to any privilege or otherwise protected from disclosure shall not be deemed a waiver as to other documents, testimony, or evidence, and shall not be used by the Receiving Party in any fashion whatsoever.

37. A Producing Party which seeks the return of documents under this section may request the return of a particular document or class of documents which should have been withheld on the basis of the privilege or other protection. Upon receipt of such a request for return, the Receiving Party must take reasonable steps to locate and segregate the documents (and all copies thereof) and either (i) return them, or (ii) destroy them and provide confirmation of same, within seven (7) days. All images of withheld privileged information and any notes or communications reflecting the content of such documents shall be destroyed at the same time as the document is returned. Any such documents shall not thereafter be used by the Receiving Party for any purpose, unless and until the documents are adjudicated to be non-privileged. This provision shall be

interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

38. The return or destruction of a document over which the Producing Party has asserted a claim of privilege or protection as set forth above shall be without prejudice to the Receiving Party's right, within ten (10) days of the return or destruction, to seek an order from the Court directing the production of the document on the ground that the claimed privilege or protection is invalid or inapplicable; provided, however, that mere production of the document or information in the course of this Action shall not constitute grounds for asserting waiver of the privilege or protection.

39. Nothing in this Stipulated Confidentiality Order shall be construed as a waiver by any Party of its right to object to the subject matter of any discovery request made in this action. The execution of this Stipulated Confidentiality Order shall not be construed as an agreement by any Party to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the Action or as a waiver of any privilege with respect thereto.

40. Neither the provisions of this Stipulated Confidentiality Order nor any disclosure by a Party pursuant to this Stipulated Confidentiality Order shall constitute a waiver at any time, or in any litigation relating to the matters referenced herein or otherwise, of any attorney/client privilege, work product doctrine, or any other privilege offered by the Federal Rules of Evidence or the Federal Rules of Civil Procedure.

**VIII. FILING UNDER SEAL**

41. All Protected Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Material, shall be filed under seal with the Clerk of Court and kept under seal until further order of the Court.  The Parties will use their best efforts to minimize such sealing.  In any event, any Party filing a motion or any other

papers with the Court under seal shall also publicly file a redacted copy of same, via the Court's Electronic Case Filing system, that redacts only the Protected Material itself, and text that in any material way reveals the Protected Material.

### IX.     NON-TERMINATION

42.     Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Confidentiality Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### X.     FINAL DISPOSITION

43.     Within sixty (60) days after the final disposition of this Action, as set forth in Section VIII (NON-TERMINATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work-product, and

consultant and Expert work-product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Confidentiality Order, as set forth in Section VIII.

**ACCEPTED AND AGREED TO** this 8th day of January, 2021.

Respectfully submitted,

| | |
|---|---|
| /s/ Troy S. Brown | /s/ Israel Dahan |
| Troy S. Brown | Israel Dahan |
| Morgan, Lewis & Bockius LLP | King & Spalding LLP |
| 1701 Market Street | 1185 Avenue of the Americas |
| Philadelphia, PA 19103 | New York, NY 10036 |
| (215) 963-5000 | Tel: 212-556-2100 |
| troy.brown@morganlewis.com | Fax: 212-556-2222 |
| | idahan@kslaw.com |
| Michelle Pector (*pro hac vice*) | |
| 1000 Louisiana St., Suite 4000 | *Counsel for Defendants* |
| Houston, TX 77002 | |
| (713) 890-5000 | |
| michelle.pector@morganlewis.com | |

*Counsel for Plaintiffs*

**APPROVED AND SO ORDERED** this 11th day of ___January___, 2021.

　　　　　　　　　　　　　　　　　　　　　Hon. Naomi Reice Buchwald

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAJOR ENERGY ELECTRIC SERVICES, LLC, MAJOR ENERGY SERVICES, LLC, RESPOND POWER, LLC, NATIONAL GAS & ELECTRIC, LLC, and SPARK HOLDCO, LLC,**<br><br>                     Plaintiff,<br><br>                     v.<br><br>**SAUL HOROWITZ, individually and as Sellers' Representative, MARK WIEDERMAN, ASHER FRIED, MICHAEL BAUMAN, and MARK JOSEFOVIC,**<br><br>                     Defendants. | **CASE NO. 1:19-cv-10431-NRB** |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Confidentiality Order that was issued by the U.S. District Court for the Southern District of New York in the above-captioned action. I agree to comply with and to be bound by all terms of this Stipulation and Confidentiality Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Southern District of New York for the purpose of enforcing the terms of the Stipulation and Confidentiality Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____